UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL HAUGSNESS,

    Plaintiff,

v.

TODD CHRISTOPH, and PIERCE COUNTY, a political subdivision of the State of Washington,

    Defendants.

CASE NO. 10-5683 RJB

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' Motion for Summary Judgment. Dkt. 15. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## **FACTUAL BACKGROUND**

This case arises from an ongoing dispute between Plaintiff and Defendant Pierce County over the use of thirteen acres of Plaintiff's property located along the Puyallup River at 15612 116th Street East, Puyallup, Washington. Dkt. 1-1. The property forms a triangle, with the

longest side on the river. *Id*. Part of the parties' litigious history regarding this property is found in an unpublished decision from the Washington State Court of Appeals, Division II. *Haugsness v. Pierce County,* 134 Wash. App. 1035, 2006 WL 2329481 (Wash. Ct. App. 2006) (filed in this case at Dkt. 15-1).

In 2000, the Pierce County Department of Planning and Land Use Services discovered that Plaintiff was operating an unpermitted RV park on the property. *Id*. Plaintiff eventually applied for, and was denied, a permit. *Id.* The County issued a cease and desist order. *Id.* After multiple proceedings with a hearing examiner were complete, Plaintiff appealed the decision denying him the permit under Washington's Land Use Petition Act, RCW 36.70 *et. seq*. *Id*. The denial of the permit was affirmed by the Pierce County, Washington, Superior Court. *Id*. In August of 2006, the Washington State Court of Appeals also affirmed the decision to deny the permit in the decision referenced above. *Id*.

Defendant Todd Christoph is a Code Enforcement Officer employed by Pierce County Department of Planning and Land Use Services. Dkt. 15-3, at 1. In November of 2007, Officer Christoph states that he received a complaint about an illegal RV park on the subject property. *Id.* Officer Christoph began to investigate the complaint on December 10, 2007, when he made a site visit. *Id.*

On December 17, 2007, Officer Christoph took photographs of Plaintiff's property from the ground. *Id.* Later that day, he and a member of the Washington State Patrol flew over the subject property at 1500 feet. *Id.* Officer Christoph took photographs from the passenger seat of the airplane. *Id.* He states that he used a Cannon PowerShot S3 IS with 12x optical zoom capability. *Id.* Some of the pictures he took with the zoom feature, in which he asserts multiple RVs are visible. *Id.* A few shots were taken without the zoom feature. *Id.* Officer Christoph

states that he did not enter Plaintiff's property the day the aerial photographs were taken. *Id.* He states that he did not use any other equipment that day to take the pictures. *Id.* He referred the case to the Pierce County, Washington Prosecuting Attorney. *Id.*

Plaintiff was charged with two counts of criminal violations under Pierce County District Court Cause No.: 8YC090001. Dkt. 1, at 3. Plaintiff moved to suppress all the photographs taken by Officer Christoph, arguing that the pictures violated his federal and state constitutional rights to be free from unreasonable searches. Dkt. 15-2. After listening to the evidence and testimony submitted, the District Court found that Officer Christoph took three sets of photographs of Plaintiff's property: some from the ground on December 10, 2007, some from the ground on December 17, 2007, and some from an airplane on December 17, 2007. Dkt. 15-2, at 31 and 34.

As to the pictures taken on December 10, the District Court found that Officer Christoph "took them from a county car on 116th Street East. They depict multiple RVs on the property, pictures of travel trailers with tarps and TV antennas. And they appear to be occupied, but he never left the roadway, nor did he go on to the property." Dkt. 15-2, at 31. The District Court further found that the pictures Officer Christoph took on December 10 were all taken with the zoom feature of the camera. *Id.,* at 33.

Further, the District Court found that, "December 17th had two photos – sets of photos: one on a plane and one from the neighbor's property." *Id.*, at 34. The District Court noted that Officer Christoph had permission from the neighbor, Mr. Owings, to take the pictures submitted. *Id.,* at 35. The District Court found that all the pictures taken on the ground on December 17 were taken with the zoom feature. *Id.* In making that finding the District Court found "I don't

believe he was on the property. I believe that he was off the property, as he said he was, in that 200- to 300- foot distance." *Id., at* 38.

The Court found that all but three of the pictures taken from the plane were done with the camera's zoom feature. *Id.* 36-37.

In deciding the issue of whether the photographs should be suppressed, the Pierce County District Court stated:

> Okay. Let's talk about for a moment what this case is not about. . . . My record tells us that federal law is instructive, it's helpful, it's edifying, but it is not binding. And the *Myrick* cases makes that very clear when it emphasized the difference between the Fourth Amendment expectation of privacy and the private affairs associated with Article 1, Section 7. . . . Likewise case law from jurisdictions like California and Hawaii may be instructive . . . certainly not binding. So in our analysis, we are left with Washington State case law. Article 7, Section 7 of the state constitution dictates the analysis of the questions before the court.

*Id.*, at 23-24. The Pierce County District Court went on:

> I'm satisfied that the plane was traveling in public air space at or about 1500 feet elevation . . . I'm further satisfied that 1500 is not an altitude that invades personal privacy. . . . What the case does turn on, however, and what this case is about is visual enhancement. All the pertinent cases in Washington allow for visual surveillance, and they allow for the use of visual enhancements so long as those enhancements do not allow for observation greater than that afforded by the naked eye.

*Id.*, at 24-25. The District Court found that three of the pictures taken from the airplane "reflect what [was] visible from the naked eye," and denied the motion to suppress as to those pictures. *Id.,* at 38. The Court found that all the other pictures did not reflect what was visible to the naked eye, that the zoom feature of the camera was used, and granted the motion to suppress those pictures. *Id.*, at 38-39. The District Court then granted the motion to dismiss the charges with prejudice for insufficient evidence. *Id.,* at 42.

# PROCEDURAL HISTORY

On September 22, 2010, Plaintiff filed the instant case pursuant to 42 U.S.C. § 1983. Dkt. 1. In his Amended Complaint, Plaintiff claims that the digitally enhanced photographs of his property taken by Officer Christoph violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Dkt. 13, at 4-5. Plaintiff alleges that "Defendant Christoph's conduct was the result of the policy, practice, and custom of Pierce County to inadequately supervise and discipline code enforcement officers who routinely and customarily enter onto and search private property without first obtaining warrants," and so makes a claim against Pierce County pursuant to § 1983. *Id*., at 3. Plaintiff also asserts a Washington state law claim for invasion of privacy and a claim under the Washington State Constitution. *Id.,* at 5. Plaintiff seeks damages, attorney's fees and costs. *Id.*.

In the pending motion, Defendants argue that the Court should summarily dismiss all Plaintiff's claims. Dkt. 15. In moving for dismissal of Plaintiff's federal claims, Defendants argue that: 1) Plaintiff does not have standing to assert a Fourth Amendment violation of a search of property occupied by his tenants, 2) taking photographs from a plane that is 1500 feet above the property does not violate the Fourth Amendment, 3) there is no independent Fourteenth Amendment claim, 4) Officer Christoph is shielded by qualified immunity, and 5) the federal claims asserted against Defendant Pierce County should be dismissed because there is no vicarious liability under § 1983 and there is no evidence of a failure to supervise. *Id*.

In moving for dismissal of Plaintiff's state law claims, Defendants argue that: 1) there is no cause of action arising from a violation of the Washington State Constitution, and 2) dismissal of the state privacy tort is appropriate because the defendants' conduct would not be highly offensive to a reasonable person. Dkt. 15.

Trial is set to begin on September 19, 2011. Dkt. 14.

This opinion will first consider Plaintiff's federal claims for violation of his Fourth and Fourteenth Amendment rights against Officer Christoph and Officer Christoph's assertion of qualified immunity. Next, this opinion will address the federal claim against Defendant Pierce County. Lastly, Plaintiff's only state law claim – invasion of privacy - will be discussed.

## **DISCUSSION**

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-889 (1990).

### B. FEDERAL CONSTITUTIONAL CLAIMS AGAINST OFFICER CHRISTOPH VIA 42 U.S.C. § 1983 & QUALIFIED IMMUNITY

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts that Officer Christoph violated his Fourth and Fourteenth Amendment rights under the U.S. Constitution. Dkt. 1. Parties do not dispute that Officer Christoph was acting under the color of state law. To the extent that Plaintiff seeks to assert §1983 claims for violations of the Washington Constitution or laws of Washington, those claims should be dismissed. Section 1983 only provides relief for violations of the U.S. Constitution or laws of the United States. *Parratt*, at 535. Officer Christoph argues that he is entitled to qualified immunity as to Plaintiff's claims that he violated Plaintiff's federal constitutional rights. Dkt. 15.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Through application of the qualified immunity doctrine, public servants avoid the general costs of subjecting officials to the costs of trial - distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *V-1 Oil Co. v. Smith*, 114 F.3d 854, 857 (9th Cir. 1997)(*internal citations omitted*). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether a reasonable officer could have believed his or her conduct was proper is a question of law for the court and should be determined at the earliest possible point in the litigation. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 872-73 (9th Cir. 1993).

The Supreme Court established a two-part analysis in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), for determining whether qualified immunity is appropriate in a suit against a public official for an alleged violation of a constitutional right. *Boyd v. Benton County*, 374 F.3d 773, 778 (9th Cir. 2004)(*citing Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Although no longer mandatory, the Supreme Court has recently held that it may be "beneficial" for a court required to rule upon qualified immunity to examine the *Saucier* factors: (1) whether the official violated the plaintiff's constitutional rights on the facts alleged and (2) if there was a violation, whether the constitutional rights were clearly established. *Pearson v. Callahan*, 129 S.Ct. 808, (2009) (holding that the *Saucier* two-part analysis was no longer mandatory). Application of the factors is beneficial here, so this opinion will first turn to whether Plaintiff's Fourth Amendment rights were violated, and then if they were violated, whether they were clearly established in December

of 2007. This opinion will then examine Plaintiff's claim that his Fourteenth Amendment rights were violated and whether they were clearly established at the time.

### 1. Fourth Amendment Claim - Violation?

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend. I.V. "The touchstone of the Fourth Amendment is reasonableness." *Samson v. California*, 547 U.S. 843 (2006). "To invoke the Fourth Amendment protections, a person must show that he had a legitimate expectation of privacy. A person demonstrates a legitimate expectation of privacy when that person has a (1) subjective expectation of privacy, and (2) an objectively reasonable expectation of privacy." *U.S. v. Shryock*, 342 F.3d 948, 978 (9th Cir. 2003) (*citing Smith v. Maryland*, 442 U.S. 735, 740(1979)).

#### a. Pictures Taken from the Plane

Plaintiff's claim, that Officer Christoph violated his Fourth Amendment right against an unreasonable search when he took pictures with a camera using the zoom feature from a plane flying at 1500 feet, should be dismissed.

First, Plaintiff must show that he had a subjective expectation of privacy in the air space of the property he rented to tenants and on which the tenants parked RVs. *Shryock*, at 978. Generally, "[p]roperty used for commercial purposes is treated differently for Fourth Amendment purposes from residential property." *U.S. v. SDI Future Health, Inc.*, 568 F.3d 684, 695 (9th Cir. 2009). "The Fourth Amendment protects people, not places." *Katz v.U.S.,* 389 U.S.347, 351 (1967). Although Plaintiff argues that he lives on the property, he makes no showing that he had an expectation of visual privacy in the property.

Even if Plaintiff had a subjective expectation of privacy, it was not objectively reasonable. The U.S. Supreme Court has long held that a property owner does not have a reasonable expectation of visual privacy in his property to conduct activities that could be seen from a low-flying airplane. *California v. Ciraolo*, 476 U.S. 207 (1986). Further, a property owner, particularly a commercial property owner, does not have a reasonable expectation of privacy with respect to photographs taken with a zoom lens from a plane in navigable airspace. *Dow Chemical Co. v. U.S.*, 476 U.S. 227, 238-239 (1986). The *Dow* Court, in discussing whether the Environmental Protection Agency violated Dow Chemical's Fourth Amendment right when it took photographs of the exterior of a plant, stated:

> It may well be, as the Government concedes, that surveillance of private property by using highly sophisticated surveillance equipment not generally available to the public, such as satellite technology, might be constitutionally proscribed absent a warrant. But the photographs here are not so revealing of intimate details as to raise constitutional concerns. Although they undoubtedly give EPA more detailed information than naked-eye views, they remain limited to an outline of the facility's buildings and equipment. The mere fact that human vision is enhanced somewhat, at least to the degree here, does not give rise to constitutional problems.

*Id.* Plaintiff has failed to show that he has an objectively reasonable expectation of privacy that was violated here. His claim that Officer Christoph violated his Fourth Amendment rights when he took photographs of Plaintiff's property with a camera using a zoom lens from a plane in navigable airspace should be dismissed.

### b. Pictures Taken From the Ground

To the extent that Plaintiff bases his Fourth Amendment claim on the pictures that Officer Christoph took from the ground, his claims should be dismissed. Plaintiff argues that contrary to the Pierce County, Washington District Court's findings, the pictures taken from the ground on December 10, 2007 and December 17, 2007, were taken either from on his property or on his son's property without permission. Dkts. 20 and 21. Plaintiff argues that Officer Christoph

violated his Fourth Amendment rights because of where Officer Christoph was standing when he took the pictures. Dkt. 19.

Under 28 U.S.C. § 1738, state court "judicial proceedings ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." "The Supreme Court has interpreted the Act to require federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674 686 (9th Cir. 2009). In Washington, the party asserting collateral estoppel bears the burden of proving:

> (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom [collateral estoppel] is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

*State v. Vasquez,* 148 Wash.2d 303, 308 (2002).

Although the parties do not directly address this issue, full faith and credit should be given to the findings and conclusions of the Pierce County District Court in the underlying criminal action. The issue that Plaintiff seeks to re-litigate in this action, where Officer Christoph was standing (on or off his or his son's property) was identical to the issue presented in the District Court. In that case, the District Court specifically considered where Officer Christoph took the pictures in trying to decide whether the zoom feature was used. This was critical to his decision on whether the photographs should be suppressed because he concluded that use of the camera's zoom feature constituted use of "visual enhancement" technology which he found to be impermissible under the Washington State Constitution. The District Court's finding that Officer Christoph was on the public road when he took the December 10 pictures

and on a neighbor's property with permission when he took the December 17th pictures should be credited. In addition to being the identical issue, the decision in the District Court ended in a final judgment on the merits. Plaintiff here was the defendant in that matter. There is no basis to conclude that application of the doctrine works an injustice. Full faith and credit should be given to the findings and conclusions of the Pierce County, Washington District Court.

Plaintiff should not be permitted to re-litigate an issue already decided - where Officer Christoph was standing when he took the pictures at issue - in order to create an issue of fact as to his Fourth Amendment claim here. To the extent that Plaintiff seeks to base his Fourth Amendment claim on the pictures Officer Christoph took from the ground, his claim should be dismissed.

2. <u>Fourteenth Amendment Claim – Violation?</u>

The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." The core "of due process is protection of the individual against arbitrary action of government whether the fault lies in a denial of procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." *County of Sacramento v. Lewis*, 523 U.S. 833, 845-846 (1998). To succeed on either substantive or procedural due process claim, a plaintiff must first demonstrate that they were deprived of a constitutionally protected property interest. *Gerhart v. Lake County, Mont.*, 637 F.3d 1013, (9th Cir. 2011) (*internal citations omitted*).

Plaintiff's claim that his Fourteenth Amendment rights have been violated should be dismissed. On the outset, Plaintiff has failed to identify a protected property interest. Further, the Supreme Court has held that "if a constitutional claim is covered by a specific constitutional

provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)(*citing Graham v. Connor*, 490 U.S. 386 (1989)). Accordingly, Plaintiff's claim for violation of his Fourteenth Amendment rights should be dismissed.

### 3. Conclusion on Federal Constitutional Claims and Qualified Immunity

Plaintiff has failed to demonstrate that there are issues of fact as to whether Officer Christoph violated his Fourth or Fourteenth Amendment rights. Further analysis on whether their rights were clearly established is not necessary. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008); and *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Plaintiff's federal constitutional claims asserted against Officer Christoph should be dismissed.

### C. FEDERAL CONSTITUTIONAL CLAIMS AGAINST PIERCE COUNTY

A municipality cannot be held liable for violations of constitutional rights under a *respondeat superior* theory. *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008)(*citing Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978)). A local government may be "liable for violation of constitutional rights resulting from 'a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers' or 'pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels.'" *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (*quoting Monell*, at 690-691). "For purposes of liability under *Monell,* a 'policy' is 'a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Fogel* at 834 (*quoting Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir.2002) (*per*

*curiam*)). A local government "is also liable if a policymaking official delegates his or her discretionary authority to a subordinate, and the subordinate uses that discretion." *Id.* (*internal citations omitted*). However, where a plaintiff has failed to show a constitutional violation, "there can be no municipal liability" under *Monell*. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

Plaintiff's federal constitutional claims asserted against Pierce County should be dismissed. Plaintiff has failed to show that his constitutional rights were violated under the claims he asserts in his Amended Complaint. To the extent that he seeks to hold the Pierce County liable for any of the constitutional claims he currently asserts, his claims against it should be dismissed. *Villegas,* at 957.

**D. STATE LAW CLAIMS**

Plaintiff concedes that his claim under the Washington State Constitution should be dismissed. Dkt. 19.

As to Plaintiff's remaining state law claim, invasion of privacy, the parties should be aware that the Court will likely decline to exercise supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of economy, convenience,

fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Although "it is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court," *Harrell v. 20th Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) in the interest of fairness, the parties should be given an opportunity to be heard on whether the Court should decline to exercise supplemental jurisdiction over the state law claims. The parties' briefs on declining supplemental jurisdiction, if any, should be due on or before August 5, 2011. The parties' briefs, if any, should not exceed three pages. This Court will not rule on Defendants' motion for summary dismissal of Plaintiff's state law claim for violation of privacy (Dkt. 15) unless it retains jurisdiction.

**<u>ORDER</u>**

Therefore, it is hereby **ORDERED** that:

Defendants' Motion for Summary Judgment (Dkt. 15) is:

- **GRANTED** as to Plaintiff's federal claims and Plaintiff's claim under the Washington State Constitution, and
- **RESERVED** as to Plaintiff's claim for violation of privacy under Washington law.

On or before **August 5, 2011**, parties, may, if they so choose, file a brief showing cause why this Court should or should not exercise supplemental jurisdiction on Plaintiff's remaining state law claim. Any such briefs shall be limited to **three** pages.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of August, 2011.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge